**536**

**In re EAST HILL MANUFACTURING CORPORATION, Debtor.**

**Bankruptcy No. 94–10626.**

United States Bankruptcy Court,
D. Vermont.

Feb. 11, 1997.

Jess T. Schwidde, Rutland, VT, for Debtor.

Christopher O'C. Reis, Rutland, VT, for John Smith.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Court has before it for consideration the motion of the debtor, East Hill Manufacturing Corporation (EHMC), for reconsideration of the allowance of the claim of John Smith.

In support of reconsideration, EHMC alleges that it has obtained from its prior attorneys a copy of a Covenant Not To Sue executed on December 3, 1993 by J. Smith Enterprises, Inc., f/k/a East Hill Equipment Corporation, and by John R. Smith for which covenant Smith was paid $206,077.93 by EHMC.

The debtor argues that Smith failed to expressly reserve his alleged claim of $150.00 from the operation of his Covenant Not To Sue and, as a result, his claim is now barred.

11 U.S.C. § 502(j) provides that a claim that has been allowed or disallowed may be reconsidered for cause. And under Federal Bankruptcy Rule 3008, a party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. Such reconsideration is discretionary with the court. See Advisory Committee Note (1983) under said Rule 3008. See also *LB Credit Corporation v. Resolution Trust Corporation*, 49 F.3d 1263, 1267 (7th Cir.1995).

EHMC's motion for reconsideration seems to be grounded on newly discovered evidence by alleging that it has obtained from its prior attorneys a copy of the Covenant Not To Sue. The Court observes that this covenant has been in the possession of

EHMC or of its attorneys, or both, since it was executed and delivered by Smith to the debtor. As a result, it was available to EHMC when its objection to Smith's claim was heard and, therefore, cannot be construed as newly discovered evidence.

 Motions for a new trial, or to alter or amend a judgment, must clearly establish either a manifest error of law or fact, or must present newly discovered evidence. *Federal Deposit Insurance Corporation v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). And such motions cannot be used to raise arguments which could, and should, have been made before judgment issued. *Federal Deposit Insurance Corporation v. Meyer,* supra, at page 1268.

The court is convinced that EHMC has not established that there was a mistake of either law or fact and that there has been no mistake, inadvertence, excusable neglect, newly discovered evidence, or fraud,

**NOW, THEREFORE, IT IS ORDERED** that the Motion for Reconsideration is hereby **DENIED.**